**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6064**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARION QUINTON BREWSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00220-MOC-SCR-1)

Submitted:  June 18, 2026                                    Decided:  June 24, 2026

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marion Quinton Brewster, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Quinton Brewster appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release.  Finding no reversible error, we affirm.

We review the denial of compassionate release under § 3582(c)(1)(A) for abuse of discretion.  *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023).  "But we review the district court's interpretation of the scope of § 3582(c)(1)(A) de novo."  *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).  In doing so, "our review is limited to issues preserved in th[e informal] brief."  *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014); *see* 4th Cir. R. 34(b).

Under § 3582(c)(1)(A), a district court may grant a sentence reduction if it finds both that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *United States v. Burleigh*, 145 F.4th 541, 547 (4th Cir. 2025) (internal quotation marks omitted).  Here, the Sentencing Commission's amended policy statement, U.S. Sentencing Guidelines Manual § 1B1.13, p.s. (2025), governs Brewster's motion.  *See United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025).

On appeal, Brewster argues that the district court abused its discretion in rejecting his argument that he would no longer qualify for sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), in light of the intervening decisions in *Wooden v. United States*, 595 U.S. 360 (2022), and *Erlinger v. United States*, 602 U.S. 821 (2024). The district court was correct that, insofar as Brewster argued that his ACCA sentence is now unconstitutional, his argument represents a collateral attack on his sentence cognizable

2

only under 28 U.S.C. § 2255. *See Ferguson*, 55 F.4th at 270. But Brewster also plainly argued that intervening case law produced a disparity between the ACCA sentence he received and the sentence he likely would receive today, which we have recognized as a proper consideration under § 3582(c)(1)(A). *See United States v. Davis*, 99 F.4th 647, 657-58 (4th Cir. 2024).

Nevertheless, we find no reversible error in the district court's rejection of this claim. Under § 1B1.13, a change in the law can qualify as an extraordinary and compelling reason only if the movant has served at least 10 years' imprisonment. USSG § 1B1.13(b)(6), (c), p.s. Because Brewster "has not spent 10 years' time in prison, consideration of the § 1B1.13(b)(6) factor of the amended policy statement [was] not available to him." * *Crawley*, 140 F.4th at 173. The district court thus did not reversibly err in declining to find extraordinary and compelling reasons on this basis.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* We note that Brewster "may soon satisfy the 10-year requirement under § 1B1.13(b)(6) and may then file a new motion before the district court." *Crawley*, 140 F.4th at 173. We express no opinion regarding Brewster's arguments for compassionate release, leaving any consideration of such arguments to the district court in the first instance.

3